IN THE UNITED STATES DISTRICT COURT
SOUTHERN OF TEXAS
HOUSTON DIVISION

In re P.C.F. Properties in TX, LLC

         *Plaintiff*　　　　　　　　　　25-CIV-1461
vs.　　　　　　　　　　　　　　**[Related Case No. 24-cv-04357]**

Jireh Pitts *et al*
         *Defendants*

## MOTION TO STAY

Pursuant to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), Defendants Jireh Pitts *et al* respectfully move the Court to stay all proceedings pending resolution of the related case styled as *Elizabeth Thomas vs. P.C.F. Properties in TX, LLC*, No. 24-cv-04357, pending in the U.S. Southern District Court before the Honorable Judge George C. Hanks Jr., on appeal.

## INTRODUCTION

Defendants, Jireh Pitts and PCF Properties in Texas LLC, removed this action from the state court based on diversity jurisdiction and the amount in controversy exceeds $75,000 prusant to Title 28, Section 1332 . ECF No. 1. In the complaint Plaintiff P.C.F. Properties in TX, LLC., alleges that certain defendants filed certain documents affecting its property and sought the court to determine whether the documents are valid. The Defendants alleges that according to the Texas Secretary of State has issue a "certificate of facts" certifying that P.C.F. Properties in TX, LLC., is a fictitious non-extent that has never been duly form, defendant also alleges that they have made a search in all 50 State of Union and have not been

able to find any state which P.C.F. Properties in TX, LLC., has a been formed such litigation is no different than litigating with a the dead or ghost.

As there is a case pending before the Honorable Judge George C. Hanks Jr., on appeal that will inevitably impact this proceeding (and could very well be outcome determinative), as the issue on appeals whether courts can exercise personal and subject matter jurisdiction over fictitious non-extent entities such as P.C.F. Properties in TX, LLC., Donald duck, Mickey mouse, ghost or the dead. Defendants now move to stay these proceedings pending resolution of *Elizabeth Thomas vs. P.C.F. Properties in TX, LLC*, No. 24-cv-04357, pending in the U.S. Southern District Court before the Honorable Judge George C. Hanks Jr., on appeal.

On April 9, 2025, the Appellant filed a Motion to Consolidate (the "Motion") this case along with three (3),related cases Nos, 25-1437; 25-1439 and 25 -1461 all with the same parties and same exact claims.

## ARGUMENT

The power to stay a case "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-55. Courts have inherent power to stay proceedings while awaiting the outcome of another matter which may have a substantial or dispositive effect. *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937). A court is within its discretion to grant a stay when a related case with substantially similar issues is pending before another court. See *Greco v. NFL,* 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015).

Whether to grant a stay pending resolution of another case is a fact-sensitive question." *Alford v. Moulder*, No. 3-16-cv-350-CWR-LRA, 2016 U.S. Dist. LEXIS 143292, at *4 (S.D. Miss. Oct. 17, 2016) (citing In re Beebe, 56 F.3d 1384 (5th Cir. 1995)). Specifically, when considering whether to stay a matter pending resolution of a separate action, the Fifth Circuit has considered: (1) the potential hardship and prejudice to the moving party if a stay is denied; (2) the potential prejudice to the non-moving party if a stay is granted; and (3) other "difficulties inherent in the general situation, including potential judicial inefficiency . . . ." See *Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 545-46 (5th Cir. 1983), aff'd in part and vacated in part on other grounds, 706 F.2d at 548 (5th Cir. 1983); see also *Greco*, 116 F. Supp. 3d at 761 ("[I]n determining whether a stay is proper, courts consider the interests of the parties and potential conservation of judicial resources."); *Landis*, 299 U.S. at 254-55 (same).

1. **A Stay Should be Granted Pending the Honorable Judge George C. Hanks Jr, determination in *Elizabeth Thomas vs. P.C.F. Properties in TX, LLC.***

As a result of these parallels, issues currently under consideration by the Honorable Judge George C. Hanks Jr, determination in *Elizabeth Thomas vs. P.C.F. Properties in TX, LLC,* are likely to substantially affect or be fully dispositive of the issues presented in this case. The judicial inefficiency (and hardship to Defendants) that could result from a finding from this court pre-dating the Honorable Judge George C. Hanks Jr, soon expected pronouncement in *Elizabeth Thomas vs. P.C.F. Properties in TX, LLC* puts the Defendants at grave risk that this Court could make a finding under a legal theory that may no longer be applicable law. In addition, should this case proceed, the litigants could be placed in a position to entirely relitigate this case following the disposition of *Elizabeth Thomas vs. P.C.F. Properties in TX, LLC*. These concerns demonstrate the clear risk of wasted time and resources for both this Court and the Parties if these proceedings are not stayed.

Accordingly, this Court should stay proceedings pending resolution of *Elizabeth Thomas vs. P.C.F. Properties in TX, LLC*

### A. The Possibility of Prejudice to Defendants Weighs in Favor of Granting a Stay

#### 1. The issues in *Elizabeth Thomas vs. P.C.F. Properties in TX, LLC,* Will Likely be Dispositive of this Case.

In determining whether a stay is proper, courts must weigh, inter alia, the similarity of issues and consequent likelihood that the related case will impact the case at bar, see Greco, 116 F. Supp. 3d at 761, the balance of the equities, see *Alford, 2016 U.S. Dist*. LEXIS 143292, at *5, and the "interests of judicial economy," *Labouliere v. Our Lady of the Lake Found*., No. 16-00785-JJB-EWD, 2017 U.S. Dist. LEXIS 160853, at *25 (M.D. La. Sept. 29, 2017). Accordingly, courts frequently stay proceedings pending the outcome of a separate case pending before the Honorable Judge George C. Hanks Jr, where his decision may substantially affect or prove to be dispositive of the matter. **See,** e.g., *Kamal v. J. Crew Grp., Inc*., No. 15-0190 (WJM), 2015 U.S. Dist. LEXIS 172578, at *4 (D.N.J. Dec. 29, 2015) (staying action pending Supreme Court's decision in a separate elated action, and citing decisions of nine federal district courts staying similar cases); see also *Tel. Sci. Corp. v. Asset Recovery Sols*., LLC, No. 15 C 5182, 2016 U.S. Dist. LEXIS 581, at *8 (N.D. Ill. Jan. 5, 2016) (same).

The issue under active consideration before the Honorable Judge George C. Hanks Jr., aligns with those that would be raised by the instant case. The question presented before Judge Hanks is whether courts can exercise personal and subject matter jurisdiction over fictitious non-extent entities such as P.C.F. Properties in TX, LLC., Donald duck, Mickey mouse, ghost or the dead.

Similarly were the court to proceed with this case the Defendants would raise that same exact issue as to its jurisdiction over whether this court could exercise personal and subject

matter jurisdiction over fictitious non-extent entities such as P.C.F. Properties in TX, LLC. There is little daylight between the dispositive issues under consideration in *Elizabeth Thomas vs. P.C.F. Properties in TX, LLC* is the exact same issue that would be presented before this Court. The total overlap of issues between the two cases translates to a high likelihood that *Elizabeth Thomas vs. P.C.F. Properties in TX, LLC* will directly impact the instant case, which then implicates concerns of judicial economy and conservation of resources because of the risk that this Court's proceedings would have to be prepared under new standards in light of the Supreme Court's signal that it may reconsider binding precedent. See *Greco*, 116 F. Supp. 3d at 761. *See also Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (a stay is appropriate when "a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is forthcoming); see Minute Order Granting Mot. To Stay, *Johnson et al. v. Ardoin, No*. 3:18-cv-625 (M.D. La. Oct. 17, 2019), ECF No. 133. The interest of judicial economy and to avoid attendant litigation expenses to the parties pending resolution of the largely unsettled legal issue is of concern.

As to the Court's weight of possible prejudice in the event of the denial of this request is high for Defendants, whereas any potential prejudice against Plaintiff in the event of a stay, as this entity is nonexistent just as dead they don't exist.

### B. Conservation of Judicial Resources Counsels in Favor of a Stay.

The issues before the Honorable Judge George C. Hanks Jr., could be dispositive of this litigation. At the very least, the Honorable Judge George C. Hanks Jr., disposition of that case will be informative to the Parties' claims and defenses in the instant case. It can hardly be understated that the risk of wasting judicial resources including a trial and/or relitigated in their entirety. Forcing the parties and the Court to undertake an endeavor which will in all likelihood

prove fruitless is an extraordinary waste of time and resources. For this reason alone, this Court should stay this case pending resolution of the pending appeal.

## CONCLUSION

For the aforementioned reasons, the Court should stay proceedings pending resolution of Elizabeth Thomas vs. P.C.F. Properties in TX, LLC before the Honorable Judge George C. Hanks Jr.

Respectfully submitted

**JAMES M. ANDERSEN**
**ATTORNEY AT LAW**

/s/*James M. Andersen*
James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on April 14, 2025, and that all counsel of record were served by CM/EC.

/s/*James M. Andersen*